UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM A. HARRIS,                          )
                                            )
                        Plaintiff,          )
                                            )
        vs.                                 )            14-2224
                                            )
TROY WATSON, et.al.,                        )
                                            )
                        Defendants.         )

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a *pro se* prisoner, filed his lawsuit pursuant to 28 U.S.C. §1983 claiming his constitutional rights were violated by Danville Police Officer Troy Watson when he used excessive force against the plaintiff on September 18, 2012.   The plaintiff says the officer yelled for him to stop running and he complied.  However, the officer still used a taser against him and hit him with his car.  The plaintiff says he suffered a head injury which required hospitalization.

The plaintiff has also named the City of Danville as a defendant but has failed to adequately articulate an official capacity claim.  Nonetheless, the plaintiff has articulated a state law indemnification claim against the city.

IT IS THEREFORE ORDERED that:

1. Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the plaintiff alleges: a) Defendant Troy Watson used excessive force against the plaintiff on September 18, 2014 in violation of his Fourth Amendment rights; and b) a state law indemnification claim against the City of Danville. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating

service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this order.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk.  Plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The clerk is directed to enter the standard order granting the plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on the defendants pursuant to the standard procedures.**

11. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 19th day of November, 2014

/s/ Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge